RECEIVED
'05 MAY -3 PM 2:14
CLERK U.S. DIST COURT
MINNEAPOLIS

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David W. Tereault,
Defendant-Movant,

v.

Original Case No. 02-CR-150-(1)
ADM/AJB

UNITED STATES,
Respondent.

**MOTION TO WITHDRAW VOLUNTARILY AS JUDGE**
**PURSUANT TO TITLE 28 U.S.C. §§ 144, 455(a)-(b)(1)**

Defendant, David W. Tereault, hereby moves this Court, (Judge Ann D. Montgomery), to voluntarily disqualify herself from sitting on further proceedings in the above-entitled case prusuant to Title 28 U.S.C. §§ 144, 455(a)-(b)(1) based on the following:

On June 7, 2002, Tereault was released on $25,00 PR bond pending proceedings on drug related charges. (R. 37)

On February 14, 2003, the government motioned the court for revocation of Tereault's pretrial release and moved the court for issuance of a bench warrant based on a purported threat he allegedly made "to kill Judge Ann D. Montgomery;" the judge assigned to his criminal case. (R. 129) On this same day magistrate judge Arthur J. Boylan granted the government's motion and issued a bench warrant for Tereault's arrest and ordered that his bond be revoked. (R. 130)

SCANNED
MAY 03 2005
U.S. DISTRICT COURT MPLS

Tereault has timely submitted a motion pursuant to 28 U.S.C. § 2255, challenging, inter alia, that his counsel rendered ineffective assistance based on his failure to motion Judge Montgomery to withdraw voluntarily thereby forfeiting a structural error that allowed his client to be ajudged guilty and sentenced by a potentially biased jurist.

EXTRA JUDICIAL SOURCE OF BIAS

Title 28 U.S.C. § 455(a) safeguards the litigants' Constitutional entitlement to an un biased adjudication. See Ward v. Monroeville, 409 U.S. 57, 62 (1972)(due process requires a "neutral and detached" judge). See H.Rep. No. 1453, 93rd Cong., 2d Sess. 5 (1974), reprinted in 1974 USCCAN. 6351, 6355 (noting that § 455(a) "is designed to promote public confidence in the impartiality of the judicial process").

The Supreme Court most recently addressed the application of the 455(a) provision in Liteky v. United States, 510 U.S. 540 (1994). The Court made clear that the ultimate issue for recusal is the appearance of a wrongful or inappropriate bias or prejudice. The Court stressed the importance of the extrajudicial source doctrine in assessing a judge's unfavorable disposition toward a litigant. Although the Court provided a lengthy discussion of that doctrine's significance, the Court ultimately concluded that the extrajudicial source is not outcome determinative.

The most critical factor is not the source of the judge's prejudicial knowledge or bias, but rather the judge's "inability to render fair judgment." 114 S.Ct. at 115.

The interest of justice would require the voluntary withdrawal of this court so that the reality and appearance of impartiality can be preserved.

It is clear under the facts and in the record of this case, the court (Judge Montgomery) could not maintain impartiality, nor render fair judgment in any proceeding involving Defendant David Tereault.

Wherefore, based on the reasons indicated, Defendant David Tereault moves the judge Ann D. Montgomery, to declare herself disqualified to sit in on further proceedings of this cause and that the record of the court be marked accordingly.

Submitted this ___ day of ___________, 200__.

David Tereault

David W. Tereault