AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District: District of Minnesota | |
|---|---|---|
| Name of Movant: David W. Tereault | Prisoner No.: 10494-041 | Case No.: 02-CR-150-(1) |
| Place of Confinement: F.C.I. Waseca, PO Box 1731, Waseca, MN. 56093 | | |

UNITED STATES OF AMERICA v. David W. Tereault
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack U.S. Dist. Court Dist. of Minnesota, 600 U.S. Courthouse, 300 S. 4th St., Minneapolis,

2. Date of judgment of conviction August 30, 2002

3. Length of sentence 168 months imprisonment

4. Nature of offense involved (all counts) Count 2: Conspiracy to distribute and possession w/i to distribute Roxanol, 21 USC §§846, 841(b)(1)(C).

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐
   N/A

7. Did you testify at the trial? N/A
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court Eighth Circuit Court of Appeals

(b) Result Affirmed

(c) Date of result May 5, 2004

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court N/A

(2) Nature of proceeding

(3) Grounds raised

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result

(6) Date of result

(b) As to any second petition, application or motion give the same information:

(1) Name of court N/A

(2) Nature of proceeding

(3) Grounds raised

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐ N/A

(5) Result ____________________

(6) Date of result ____________________

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc. Yes ☐ No ☐
(2) Second petition, etc. Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

____________________

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: ______________________________

______________________________

Supporting FACTS (state *briefly* without citing cases or law) ______________________________

______________________________

______________________________

______________________________

______________________________

______________________________

B. Ground two: ______________________________

______________________________

Supporting FACTS (state *briefly* without citing cases or law): ______________________________

______________________________

______________________________

______________________________

______________________________

______________________________

C. Ground three: ______________________________

______________________________

Supporting FACTS (state *briefly* without citing cases or law): ______________________________

______________________________

______________________________

______________________________

______________________________

AO 243 (Rev. 5/85)

D. Ground four:

Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

Please refer to attached Memorandum of Law for explanation of cause and prejudice.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing Robert D. Miller, 111 Marquette Ave. S. Ste 110, Mpls, MN. 55401

(b) At arraignment and plea Doug Thomson

(c) At trial N/A

(d) At sentencing Robert Miller

AO 243 (Rev. 5/85)

(e) On appeal Robert Miller

(f) In any post-conviction proceeding N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: ________

(b) Give date and length of the above sentence: ________

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐ N/A

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

____________________
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

____________________
(date)

[signature]
Signature of Movant

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,
Respondent,

vs. Civil Action No. ______________

David W. Tereault,
Movant.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE PURSUANT TO 28 USC §2255

David W. Tereault, Movant, hereby moves this court to vacate and correct an unconstitutionally-imposed sentence as provided under 28 U.S.C. § 2255 based on the following:

Movant contends that his sentence was imposed in violation of the Due Process Clause of the Fifth Amendment, Sixth Amendment right to Effective Assistance of Counsel and Trial by Jury and Eighth Amendment right to be free from Cruel and Unusual Punishment.

INTRODUCTION

On May 8, 2002, a two-count indictment was filed in the District of Minnesota charging Movant and five others with violations of 21 U.S.C. §§ 353(b)(1), 331(k), 333(a)(2) conspiracy to dispense misbranded drugs as described in Count 1 and violations of 21 U.S.C. §§ 846, 841(b)(1)(C) conspiracy to distribute and possess with intent to distribute Roxanol as described in Count 1. (R. 1)

On June 7, 2002, Movant was released on $25,000 PR bond (R. 37) to a halfway house. On August 29, 2002, Magistrate Judge J. Earl Cudd granted Movant's motion for release from halfway house. (R. 97)

On August 30, 2002, Movant, after being assured by defense counsel, Douglas Thomson, that a guilty plea in this case would result in "one year or less" agreed to plead guilty to count 2 of the indictment. (R. 98).

On February 14, 2003, the government motioned the court for revocation of Movant's pretrial release and moved the court for issuance of a bench warrant based on a purported threat Movant allegedly made "to kill Judge Ann D. Montgomery," the judge assigned to his case. (R. 129). On this same day magistrate judge Arthur J. Boylan granted the government's motion and issued a bench warrant for Movant's arrest and ordered that his bond be revoked. (R. 130).

On February 20, 2003, Robert D Miller is substituted as counsel for Movant. (R. 135)

On April 11, 2003, Judge Ann D. Montgomery sentenced Movant to the custody of the BOP for 168 months to be followed by 3 years of supervised release. (R. 147).

On April 21, 2003, counsel for Movant filed a timely notice of appeal. (R. 150)

On May 5, 2004, the Eighth Circuit affirmed Movant's direct appeal. (R. 164). The instant collateral attack follows.

GROUND I: TEREAULT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT ALL STAGES OF THE PROCEEDINGS IN VIOLATION OF THE SIXTH AMENDMENT

The Sixth Amendment guarantees the right to counsel at all stages in the proceedings "after the initiation of formal charges," Moran v. Burbine, 475 U.S. 412, 431 (1986), which has been held to include plea negotiations, See United States v. Day, 969 F.2d 39, 44 (3rd Cir. 1992)(holding that § 2255 could provide relief where trial counsel was ineffective by giving defendant substandard advice about his sentence exposure under the Sentencing Guidelines during plea negotiations); United States v. Gordon, 156 F.3d 376 (2nd Cir. 1998)(agreeing with district court that defense counsel's legal assistance fell below the prevailing professional norms" for advising a client during plea negotiations of his maximum exposure to imprisonment at sentencing. Id. at 380)(collecting cases).

An analysis of an ineffective assistance of counsel claim involves two phases: First, a movant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, that due to counsel's deficient performance, movant's case was prejudiced, resulting in an unreliable or fundamentally unfair outcome of the proceedings. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

With respect to the first element, there exists a strong presumption that counsels' conduct falls within the wide range of professionally reasonable assistance. 466 U.S. at 689. Counsel's challenged conduct is to be evaluated in light of the circumstances surrounding the decision, not with the 20/20 vision of hindsight. Id.

The Eighth Circuit pointed out that, "Establishing prejudice is also not a simple task — a defendant must demonstrate that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'." Garrett v. United States, 78 F.3d 1296, 1301 (8th Cir. 1996) A reasonable probability is one 'sufficient to undermine confidence in the outcome'. Id. citing Strickland, 466 U.S. at 694. Of course, the failure to establish prejudice can be dispositive of a claim of ineffective assistance of counsel. Sanders v. Trickey, 875 F.2d 205, 211 (8th Cir. 1989) A court is not required to address the reasonableness of the attorney's behavior where the movant has not established prejudice. Montanye v. United States, 77 F.3d 226, 230 (8th Cir. 1996).

The combination of violations discussed in detail below are the foundation for the claim of ineffective assistance.

Tereault's Counsel Rendered Ineffective Assistance As a Result of His Failure To Motion The Court To Withdraw Voluntarily Pursuant to 28 USC §§ 144, 455(a) Based On the Judge's Personal Bias

BACKGROUND

Subsequent to Movant's release from pre-trial detention, the government motioned the court for revocation of his release and moved the court for issuance of a bench warrant based on a purported threat Movant allegedly made "to kill Judge Ann Montgomery," the same judge that Movant plead before and that had sentenced him to a severely harsh sentence of 168 months.

Apparently finding the threat credible, Magistrate Judge Arthur J. Boylan granted the government's motion and issued a bench warrant for Movant's arrest and ordered his bond revoked on February 14, 2003. (R. 129 - 130). Movant was taken into custody and detained ever since.

Title 28 U.S.C. § 455(a) safeguards the litigants' Constitutional entitlement to an unbiased adjudication. See Ward v. Monroeville, 409 U.S. 57, 62 (1972)(due process requires a "neutral and detached" judge.) See H.Rep.No. 1453, 6355 (noting that § 455(a) "is designed to promote public confidence in the impartiality of the judicial process").

Movant contends that because Judge Montgomery was aware of the alleged threat during the judicial proceedings where his life was on the line, his counsel's failure to motion the

judge to withdraw from his case voluntarily, violated his right to effective assistance of counsel and right to due process under the Fifth and Sixth Amendments.[1]

The Supreme Court addressed the application of the § 455(a) provision in Liteky v. United States, 510 U.S. 540 (1994). The Court made clear that the ultimate issue for recusal is the appearance of a wrongful or inappropriate bias or prejudice. The Court stressed the importance of the extrajudicial source doctrine in assessing a judge's unfavorable disposition toward a litigant. Although the Court provided a lengthy discussion of the doctrine's significance, the Court ultimately concluded that the extrajudicial source is not outcome determinative. The most critical factor is not the source of the judge's pre-judicial knowledge or bias, but rather the judge's "inability to render fair judgment."

In a similar situation, the Tenth Circuit, in United States v. Greenspan, 26 F.3d 1001, 1005 (1994), held that the judge should have recused himself from sentencing defendant after FBI informed

1. Movant, it should be noted, steadfastly denied that any such purported threat against judge Montgomery's life was ever conveyed by him. During the sentencing hearing Movant stated, "I never threatened you [Judge]. I hope you believe that because that was made up by them," the federal agents. See sent. Tr. at 60. By ignoring or not responding to Movant's denial of making any such threat, Judge Montgomery tacitly implied that he may not be telling the truth.

the judge of defendant's alleged threat to kill the judge or members of his family when nothing suggested that threat was ruse by defendant in effort to obtain recusal.

Proceeding Before a Biased Judge Is a Structural Error

Structural errors require automatic reversal and are not subject to harmless error review.

The Seventh Circuit found that, "judicial bias is one of those 'structural defects in the constitution of the trial mechanism,' as distinct from mere 'trial errors,' that automatically entitle a petitioner ... to a new trial." Bracy v. Gramley, 81 F.3d 684, 688 (1996) citing Brecht v. Abrahamson, 507 U.S. 619, 629 (1993); Sullivan v. Louisiana, 508 U.S. 275, 278-79 (1993) See also Tumey v. Ohio, 273 U.S. 510, 435 (1927)(proceedings before a biased trial judge who was paid from fines imposed held to be a structural error.)

Based on these facts, Movant requests that this court reverse his conviction and allow him to plea anew. Movant's sentence must be vacated and he is entitled to be resentenced before a different judge.

The Court Failed To Comply With Rule 11 Of Federal Rules Criminal Procedure During Change of Plea Hearing

"Rule 11 of the Federal Rules of Criminal Procedure requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." United States v. Vonn, 535 U.S. 55 (2002).

Rule 11(b)(1) instructs:

> **Advising and Questioning the Defendant**
> Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:
>
> . . . .
>
> (G) the nature of each charge to which the defendant is pleading...

To comply with Rule 11's requirement after the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000) that the defendant be informed of the nature of the charge against him, before accepting a plea the district court must advise the defendant that the government would have to prove to the jury beyond a reasonable doubt any quantity of drugs that would expose the defendant to a higher statutory maximum sentence.

Count two of the indictment, the only count Movant plead to, failed to identify any drug quantity. Count one, however, merely identified four separate transactions dealing with 120 ml of Roxanol each.

Movant, at the urging of his attorney, stipulated that he "conspired to distribute and possess with the intent to distribute between 6,000 and 18,000 grams of Roxanol (morphine)." See Plea Agreement and Sent. Stipulations. (R. 99 ¶ 1)

The Court, during the change of plea hearing, failed to inform Movant that the government would have to prove drug quantity beyond a reasonable doubt. This omission, Movant contends, violated the requirement that Court inform defendant of all elements of the charged crime.

The penalty for violating § 841(a)(1) varies according to the drug quantity involved. 21 U.S.C. § 841(b)(1).

Under the authority of United States v. Robinson, 241 F.3d 115. 118 (1st Cir. 2001), when drug quantity exposes a defendant to a higher statutory maximum sentence than he would otherwise face, drug quantity is a critical element of which the defendant must be adequately informed before a plea is accepted. Here, the amount of morphine attributed to Movant did expose him to an increased base offense level thus, drug quantity was a critical element of the offense.

**The Error Was Not Harmless**

To show that the error was harmless, the government must establish either that the record affirmatively demonstrates that Movant "was aware of the rights at issue when he entered his guilty plea" or that the district court's Rule 11 error was simply "minor or technical." Minore, at 1119.

First, the government will be unable to make an affirmative showing on the record that Movant was actually aware of the advisement that drug quantity had to be proved beyond a reasonable doubt. Neither Movant's plea agreement nor his plea colloquy informed him that drug quantity was an element of the charged offense to be proven beyond a reasonable doubt. Rather the court told Movant that "you're stuck with my determination of how the guidelines apply to this case. ... I do the math. ... there's this formula that converts the drug involved here to an equivalent amount of marijuana. Maybe when they [the attorneys] did the conversion they did it wrong. All I'm saying is that it's my numbers that control ultimately, not their numbers, okay?" (Plea Tr. at 20)

It is perhaps significant to point out that Movant's first attorney of record advised him that if he were found guilty at a jury trial the court, not the jury, would determine drug quantity by a "preponderance of the evidence" standard.

Tereault's Counsels' Advice That By Pleading Guilty To Count Two Of The Indictment He Would Face "One Year Or Less" Of Imprisonment Rendered His Guilty Plea Unknowing and Unintelligently Procured In Violation Of His Sixth Amendment Right To Effective Assistance Of Counsel.

Prior to enter the plea in this case, Movant and his counsel briefly discussed the possibility of entering a guilty plea. During these discussions, Movant's counsel erroneously advised him that he would face "one year or less" of imprisonment if he promptly pled guilty. See affidavit, attach. 1.

Movant contends that had he known that a guilty plea to his involvement with obtaining legally manufactured prescription drugs would have resulted in a 14 year sentence, he certainly would not have pled guilty. In fact, Movant stressed to counsel that he would not plead guilty unless he can assure him that he would not receive a sentence of more than five years in prison.

"The decision whether to plead guilty or contest a criminal charge is orginarily the most important single decision in a criminal case ... [and] counsel may and must give the client the benefit of counsel's professional advice on this crucial decision," quoting Anthony G. Amsterdam, Trial Manual 5 for the Defense of Criminal Cases (1988). It fallows that "knowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty." Day 969 F.2d at 43.

After reading the plea agreement for the first time, Movant voiced his concern to his attorney with regards to ¶¶ 3A, 6 and 12 which identified maximum prison exposure and possible guideline range. Movant's attorney assured him that I need not worry about it because he would "fix it later." His attorney then instructed him to sign the agreement despite Movant's reluctance. See affidavit, attch. 1.

Prior to formal sentencing in this case, the court asked Movant if he had any comments. The following colloquy transpired:

> THE DEFENDANT: Yea. Your Honor, I just wanted to let you know when I pled guilty, Doug Thompson [defense counsel] told me I had to plead guilty to ten years or under, and if I -- he was going to fight the amount afterwards. And he only looked at my case two days before trial -- or before court and he's 150 years old. He didn't even know what day it was. I didn't -- he told me, "Don't speak. Don't do anything. Just say this." And if he would have said anything, a bluebird is red, I would have said it if he told me. I'm just telling you I was told this and he told me to say that, ten years or u nder, and we'll file something after. "You'll get probation. We can beat this case afterwards."

(Sent. Tr. 57-58)

When the court reminded Movant that when she asked him if there were any side deals or "you were coerced or anything", Movant responded, "Of course you did.

> THE COURT: You denied it.
>
> THE DEFENDANT: Right. I'm just saying -- I'm just letting you know I was told what to do. When you have a lawyer -- I didn't go to law school. I was just told what to do and I just did that because I figured that he was going to fix this afterwards.

(Sent. Tr. 58-59)

These compelling admissions by Movant should have raised a multitude of red flags. The record in this case makes clear that Movant trusted that despite the sentence range the court determined during the change of plea hearing, his counsel would "fix this afterwards."

The Fifth Circuit, in Teague v. Scott, 60 F.3d 1167, 1171 (1995) found that counsel's failure to properly advise the defendant of the maximum sentence that he could receive fell below the objective standard required by Strickland.

In United States v. Gordon, 156 F.3d 376, 380 (2nd Cir. 1998), the court held that a defendant suffers prejudice if his reliance on counsel's advice affected the outcome of the proceedings.

Movant's counsel induced the guilty plea in this case by erroneously advising him that if he pled guilty to the charges described in Count 2 of the indictment he would only face "one year or less" of imprisonment and that he may even end up with probation. See affidavit, attach. 1. Counsel also advised Movant, while attempting to persuade him not to demand a jury trial, that if he were found guilty at a jury trial, the court, not the jury, would determine drug quantity by a "preponderance of the evidence standard."

We now know from Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 124 S. Ct. 2531 (2004), that since drug quantity is an element of the offense, the reasonable doubt

Movant could not properly evaluate the risks of entering the plea agreement, and could not intelligently and voluntarily plead guilty, if he was misinformed about the burden of proof for a critical element of his offense and was therefore unaware of the true nature of the charge against him.

"Real notice of the true nature of the charge against a defendant is the first and most universally recognized requirement of due process" and "due process requires that the defendant be informed of the 'critical' elements of the offense." Minore at 1115 (citations omitted). Thus, here the "failure to advise is not harmless [because] there is a reasonable possibility that [Movant] was confused in a way that compliance with Rule 11 could have remedied." United States v. Graibe, 946 F.2d 1428, 1435 (9th Cir. 1991).

Based on the reasons indicated, Movant respectfully requests that he be allowed to withdraw his plea and plea anew, or alternatively, he requests that the Court order an evidentiary hearing to resolve any disputes that are certain to arise.

Dated:

David W. Tereault

standard of proof applies.

Movant's reliance on his counsel's advice that after everything was all said and done he would end up with "one year or less" or even probation was a key issue in his decision to plead guilty.

Counsel's erroneous advice as to length of sentence defendant faced if he was convicted after jury trial involved deficient performance and he was prejudiced by advice because it was key issue in his decision to plead guilty. See, e.g., Moore v. Bryant, 348 F.3d 238 (7th Cir. 2003).

Based on the reasons indicated Movant David Tereault respectfully requests that this Court vacate his sentence and conviction and allow him to plea anew.

AFFIDAVIT OF David W. Tereault

State of Minnesota)
County of Waseca )

Affiant, David W. Tereault, does hereby depose and state the following:

1. Prior to pleading guilty in case number 02-CR-150, my then attorney, Douglas Thomson, advised me that if I pled guilty to the charges described in Count 2 of the indictment that I was facing "one year or less" of imprisonment.

2. Had my attorney properly informed me that I was facing 5 years or more imprisonment I would not have plead guilty and would certainly have exercised my right to jury trial.

3. After reading the plea agreement for the first time, I voiced my concern to my attorney with regards to ¶¶3A, 6 and 12 which identified maximum prison exposure and possible guideline range. My attorney assured me that I need not worry about it because he would "fix it later." My attorney then instructed me to sign which I reluctantly complied.

4. Attorney Douglas Thomson, while attempting to persuade me not to demand a jury trial, advised me that if I were found guilty at a jury trial, the court, not the jury, would determine drug quantity by a "preponderance of the evidence standard."

I, David W. Tereault, does hereby attest, under penalties of perjury per 28 U.S.C. § 1746, that the foregoing is true, correct and accurate to the best of my knowledge, recollection and belief.

Signed and dated this 10th day of December, 2004.

[signature]
David W. Tereault

Attachment 1